## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>	*Plaintiff*,<br>	v.<br><br>JAMES L. DOLAN,<br><br>	*Defendants*. | Civil Action No. 18-2858 (TJK) |

## FINAL JUDGMENT

Plaintiff, the United States of America, having commenced this action by filing its Complaint herein for violation of Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and Plaintiff and Defendant James L. Dolan, by their respective attorneys, having consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law herein, and without this Final Judgment constituting any evidence or an admission by the Defendant with respect to any such issue:

NOW, THEREFORE, before the taking of any testimony and without trial or adjudication of any issue of fact or law herein, and upon the consent of the parties hereto, it is hereby

ORDERED, ADJUDGED, AND DECREED

I.

The Court has jurisdiction of the subject matter of this action and of the Plaintiff and the Defendant.  The Complaint states a claim upon which relief can be granted against the Defendant under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

II.

Judgment is hereby entered in this matter in favor of Plaintiff and against Defendant, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Debt Collection Improvement Act of 1996, Pub. L. 104-134 § 31001(s) (amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461), the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (further amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 82 Fed. Reg. 8135 (January 24, 2017), Defendant is hereby ordered to pay a civil penalty in the amount of six hundred nine thousand eight hundred and ten dollars ($609,810). Payment of the civil penalty ordered hereby shall be made by wire transfer of funds or cashier's check.  If the payment is made by wire transfer, Defendant shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions before making the transfer.  If the payment is made by cashier's check, the check shall be made payable to the United States Department of Justice and delivered to:

> Janie Ingalls
> United States Department of Justice
> Antitrust Division, Antitrust Documents Group
> 450 5th Street, NW
> Suite 1024
> Washington, D.C. 20530

Defendant shall pay the full amount of the civil penalty within thirty (30) days of entry of this Final Judgment. In the event of a default or delay in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of the default or delay to the date of payment.

III.

Each party shall bear its own costs of this action.

IV.

This Final Judgment shall expire upon payment in full by the Defendant of the civil penalty required by Section II of this Final Judgment.

V.

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments.[1] Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to

---

[1] The Court takes no position on whether compliance with 15 U.S.C. § 16 is required for settlements for civil penalties in cases brought under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

comments filed with the Court, entry of this Final Judgment is in the public interest.  *See* 15 U.S.C. § 16(e).  For the reasons articulated in the Competitive Impact Statement, ECF No. 1-5, entry of the judgment will deter Defendant and other individuals from violating the notification requirements of § 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1).  And it will further have a beneficial impact on competition by ensuring that the appropriate federal agencies will be properly notified of future acquisitions so that they may prevent antitrust violations before they occur.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 17, 2019